IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SWH MIMI'S CAFÉ, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>PAN FRIED OMAHA, LLC,<br>KC HOPPS LTD.,<br>BARLEY'S, LTD,<br>FALCON RIDGE RESTAURANT, LLC,<br>BARLEY'S BREWHAUS, LLC,<br>BLUE MOOSE OVERLAND PARK, LLC,<br>BLUE MOOSE, LLC<br>KANSAS CITY EAST CHICKEN COMPANY, LLC,<br>PAN FRIED, LLC,<br>PAN FRIED 2 LLC<br><br>       Defendants. | Case No. 8:18-cv-_____<br><br>**COMPLAINT** |

Plaintiff SWH Mimi's Café, LLC ("Mimi's" or "Sublandlord"), by and through its counsel of record, pursuant to Rules 3, 7(a), and 8(a) of the Federal Rules of Civil Procedure, commences this action by filing this Complaint against Pan Fried Omaha, LLC ("Pan Fried Omaha" or "Subtenant") and KC Hopps Ltd., Barley's, Ltd., Falcon Ridge Restaurant, LLC, Barley's Brewhaus, LLC, Blue Moose Overland Park, LLC, Blue Moose, LLC, Kansas City East Chicken Company, LLC, Pan Fried, LLC, and Pan Fried 2 LLC (collectively, "Guarantors") (collectively with Pan Fried Omaha, "Defendants") and states and alleges as follows:

4817-7573-3850.4

# THE PARTIES

1. Plaintiff Mimi's is a California limited liability company whose member, SWH Mimi's Café Holding Company, Inc., is a Delaware corporation with its principal place of business in Dallas, Texas.[1]

2. Upon information and belief, defendant Pan Fried Omaha was a Nebraska limited liability company, whose organizer and initial member, KC Hopps Ltd., is a Missouri corporation with its principal place of business in Overland Park, Kansas. Pan Fried Omaha was dissolved by the Nebraska Secretary of State on June 2, 2017 and has not been reinstated as of the date of this complaint.

3. Upon information and belief, defendant KC Hopps Ltd. is a Missouri corporation with its principal place of business in Overland Park, Kansas.

4. Upon information and belief, defendant Barley's, Ltd. is a Kansas corporation with its principal place of business in Overland Park, Kansas.

5. Upon information and belief, defendant Falcon Ridge Restaurant, LLC, is a Kansas limited liability company whose only member owning 5% or more of its capital[2] is defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas.

6. Upon information and belief, defendant Barley's Brewhaus, LLC, is a Kansas limited liability company whose only member owning 5% or more of its capital is defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas.

---

[1] *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("[h]olding an LLC's citizenship is that of its members for diversity jurisdiction purposes").
[2] Filings on the Kansas Secretary of State website do not list all members of an LLC, just those who own 5% or more of its capital.

4817-7573-3850.4

7. Upon information and belief, defendant Blue Moose Overland Park, LLC, is a Kansas limited liability company whose members owning 5% or more of its capital are as follows: defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas; Klaton Restaurant, LLC, a Kansas limited liability company whose only members owning 5% or more of its capital are James Klausman and Floyd Eaton, individuals and citizens of Topeka, Kansas; and Ed Nelson, an individual and citizen of Leawood, Kansas.

8. Upon information and belief, defendant Blue Moose, LLC, is a Kansas limited liability company whose members owning 5% or more of its capital are as follows: defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas; Butch Eaton, an individual and citizen of Auburn, Kansas; and Jim Klausman, an individual and citizen of Topeka, Kansas.

9. Upon information and belief, defendant Kansas City East Chicken Company, LLC, is a Missouri limited liability company whose organizer is defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas.

10. Upon information and belief, defendant Pan Fried, LLC, is a Kansas limited liability company whose only member owning 5% or more of its capital is defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas.

11. Upon information and belief, defendant Pan Fried 2 LLC is a Kansas limited liability company whose only member owning 5% or more of its capital is defendant KC Hopps Ltd., a Missouri corporation with its principal place of business in Overland Park, Kansas.

**JURISDICTION AND VENUE**

12. This Court may exercise subject matter jurisdiction over the claims set forth in this Complaint because "the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

13. This Court may exercise personal jurisdiction over Defendants based upon their presence within this judicial district, as described below. *See* Neb. Rev. Stat. § 25-536(1)(a), (e) ("A court may exercise personal jurisdiction over a person: . . . Who acts directly or by an agent, as to a cause of action arising from the person: . . . Transacting any business in this state; [or] Having an interest in, using, or possessing real property in this state.").

14. Through the actions described below, Defendants have sufficient contact and relations with the State of Nebraska "to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States." Neb. Rev. Stat. § 25-536(2).

15. Venue in this Court is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district, as described below. 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

**The Master Lease and Sublease**

16. SWH Corporation, predecessor-in-interest to Mimi's, entered into a Sale-Leaseback Lease ("Master Lease") with Realty Trust Group, Inc. ("Landlord") effective April 14, 2004. *See* Exhibit A. Pursuant to the Master Lease, SWH Corporation obtained from Landlord a 20-year lease-hold in "Premises" identified as

> That certain parcel of real property to be owned by Landlord measuring approximately 54,380 square feet, together with certain improvements to be constructed thereon, including but not limited to an approximately six thousand five hundred (6,500) square foot building ("**Building**") and service yard immediately adjacent to the Building. The Premises is situated adjacent to other certain real property owned by third parties and consisting of an integrated retail shopping center located at the southwest corner of the intersection of 168th Street

and West Dodge Road, in the City of Omaha ("**City**"), County of Douglas, State of Nebraska ("**Shopping Center**").

Master Lease ¶ 1.6.

17. On December 31, 2012, SWH Corporation filed "Limited Liability Company Articles of Organization – Conversion" with the State of California Secretary of State, converting SWH Corporation into SWH Mimi's Café, LLC.

18. Realty Trust Group, Inc. has since assigned the Master Lease to Copper Investments, LLC and Revah, LLC.

19. As of May 20, 2016, Mimi's and Pan Fried Omaha entered into a sublease of the Premises ("**Sublease**"). *See* Exhibit B. Pan Fried Omaha intended to and for a time did operate a Stroud's restaurant on the Premises. Sublease p. 1.

20. Pursuant to the Sublease, Pan Fried Omaha promised to pay Mimi's rent "due and payable in advance on the first day of each month during the term of this Sublease." Sublease § 3.A.

21. Pan Fried Omaha did not pay rent as required on the first day of December 2017 for the month of December 2017.

22. Pan Fried Omaha did not pay rent as required on the first day of January 2018 for the month of January 2018.

23. Upon information and belief, as of January 4, 2018, Pan Fried Omaha had abandoned the Premises and no longer operates a Stroud's restaurant on the Premises.

24. All Stroud's signage has been removed from the Premises.

25. After Pan Fried Omaha abandoned the Premises, on January 4, 2018, Mimi's gave written notice via FedEX to Pan Fried Omaha ("**Notice**") of Pan Fried Omaha's failure to pay the rents due, stating,

> On or about May 20, 2016, Sublandlord subleased to Subtenant the above referenced Premises. Pursuant to the terms of the Sublease, Subtenant is responsible for paying monthly rent and other charges (collectively referred to herein as "Rent") to Sublandlord. As of the date of this letter, Subtenant has failed to pay Rent for December, 2017 and January, 2018 resulting in past due Rent in the amount of $38,390.74 which is immediately due and payable. Marketing Fee for 2018 and monthly increase for real estate tax accrual for 2018 have not been received from Master Landlord as of the date of this letter; therefore Subtenant shall be responsible for such amounts when determined. Sublandlord hereby demands that you remit a check payable to Sublandlord in the amount of $38,390.74 within 5 days from the date of this letter in payment of the past due Rent.

26. The Sublease provides that an "Event of Default" has occurred if "Subtenant fails to pay [rent] within five (5) days after receiving written notice thereof from Sublandlord." Sublease § 9.A.(1). Because Pan Fried Omaha did not pay the December 2017 and January 2018 rents due within 5 days of receiving Mimi's Notice, an Event of Default has occurred under the Sublease.

27. When an Event of Default occurs for failure to pay rent, the rent "shall be hereby due and payable for the whole of said term and the remaining unpaid balance shall at once become due and payable, whether the Premises are relet or remain vacant, in whole or in part," with credit to Pan Fried Omaha should Mimi's relet the Premises. *Id.*

28. The term of the Sublease expires on November 30, 2024. *Id.* § 2. As a result, Pan Fried Omaha is obligated to pay Mimi's rent for the remainder of the term of over six years, in an amount well over $75,000.

29. Under the Sublease, Pan Fried Omaha "shall, at its expense, keep and maintain the Premises in good condition and repair." Upon information and belief, Pan Fried Omaha is no longer maintaining the Premises as required.

30. Pursuant to the Sublease, Pan Fried Omaha is also obligated under the Master Lease, as if Pan Fried Omaha were the Tenant under the Master Lease. *See* Sublease § 4. In

6

particular, "[i]f Subtenant breaches its payment obligations, . . . Sublandlord's damages shall include without limitation all of the charges imposed on Sublandlord as a result of Subtenant's breach . . . or violation of the Master Lease or Sublease." *Id.* § 4.B.

**The Guaranty**

31. As an inducement for Mimi's to enter into the Sublease, Defendant Guarantors executed a Guaranty for the rent that Pan Fried Omaha was obligated to pay under the Sublease ("Guaranty"). *See* Exhibit C. The Guaranty states that Guarantors are jointly and severally liable along with Pan Fried Omaha for its obligations under the Sublease. Guaranty p. 1.

32. In particular, each Guarantor agreed that "if default occurs after the first anniversary of the Rent Shift Date, but before the second anniversary of the Rent Shift Date, a Guaranty of six (6) months' Rent" would be paid to Mimi's.

33. The Rent Shift Date occurred no later than November 8, 2016. *See* Sublease § 5. Therefore, default occurred after the first anniversary of the Rent Shift Date and before the second anniversary of the Rent Shift Date, such that the Guarantors are obligated to pay six months' rent to Mimi's.

34. In addition, the Guaranty obligates Guarantors "to pay all costs, including attorney fees, incurred or expended by Sublandlord in connection" with any court proceeding required to compel compliance with the Guaranty.

35. Although Mimi's had no obligation to do so, *see* Guaranty page 1, on January 4, 2018, Mimi's gave written notice via FedEX to Guarantors of Pan Fried Omaha's failure to pay the rents due and alerting Guarantors to their obligations under the Guaranty.

36. To date, Guarantors have not paid rent as required by the Guaranty.

### COUNT I
### BREACH OF SUBLEASE AND MASTER LEASE
### (Pan Fried Omaha)

37. Mimi's repeats and re-alleges each of the allegations in the preceding paragraphs previously pled as if each were set forth in full herein.

38. The Sublease is a valid, binding and enforceable agreement whereby Defendant Pan Fried Omaha agreed to pay the obligations owed pursuant to the Sublease, as well as certain obligations under the Master Lease.

39. At all times relevant, Plaintiff Mimi's has complied with all conditions precedent to the enforcement of the Sublease.

40. An Event of Default has occurred under the Sublease, which entitles Mimi's to bring an action against Pan Fried Omaha for damages sustained.

41. Pursuant to the Sublease, Pan Fried Omaha owes Mimi's a sum to be determined at trial, but that in any event exceeds $75,000, together with fees and other costs and amounts that will accrue thereon and pursuant to the Sublease and applicable law.

### COUNT II
### BREACH OF GUARANTY
### (Guarantor Defendants)

42. Plaintiff Mimi's repeats and re-alleges each of the allegations in the preceding paragraphs previously pled as if each were set forth in full herein.

43. The Guaranty is a valid, binding and enforceable agreement whereby Defendant Guarantors, each jointly and severally, unconditionally, absolutely, and irrevocably agreed to pay the obligations owing by Pan Fried Omaha pursuant to the Sublease.

44. At all times relevant, Plaintiff Mimi's has complied with all conditions precedent to the enforcement of the Guaranty.

45. An Event of Default has occurred under the Sublease, which entitles Plaintiff Mimi's to bring an action against Guarantors for damages sustained.

46. None of the Guarantors has made any payments on account of their obligations under the Guaranty.

47. Pursuant to the Guaranty, Defendant Guarantors each owe Plaintiff a sum to be determined at trial, but that in any event exceeds $75,000, together with fees and other costs and amounts that will accrue thereon and pursuant to the Sublease and Guaranty and applicable law.

## REQUEST FOR PLACE OF TRIAL

Pursuant to Nebraska Civil Rule 40.1(b), Plaintiff requests the trial to take place in Omaha, Nebraska.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mimi's prays that judgment be entered in its favor and jointly and severally against Defendants Pan Fried Omaha and Guarantors and the following relief be granted:

A. The Court enter Judgment in favor of Plaintiff for any and all other damages available under the Sublease and Guaranty and under applicable law, in an amount to be determined at trial;

B. The Court enter an Order declaring that Plaintiff is entitled to recovery of all costs required to re-let or sublet the Premises, including, but not limited to, costs incurred in making necessary improvements, alterations and repairs to the Premises;

C. Additional fees and expenses as permitted by law, including attorney's fees;

D. Any such further relief as the Court deems just and proper.

Dated this 19th day of January, 2018.

                SWH MIMI'S CAFÉ, LLC,
                Plaintiff


                By: */s/ John P. Passarelli*
                   John P. Passarelli #16018
                   Andee B. Scioli # 21716
                   Carol A. Svolos #24731
                   Kutak Rock LLP
                   The Omaha Building
                   1650 Farnam Street
                   Omaha, NE  68102-2186
                   (402) 346-6000
                   john.passarelli@kutakrock.com
                   andee.scioli@kutakrock.com
                   carol.svolos@kutakrock.com